Scott E. Davis
State Bar No. 016160
SCOTT E. DAVIS, P.C.
8360 E. Raintree Drive, Suite 140
Scottsdale, AZ 85260

Telephone:  (602) 482-4300
Facsimile:   (602) 569-9720
email: davis@scottdavispc.com

*Attorney for Plaintiff Robert Harley*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Harley,<br><br>           Plaintiff,<br><br>      v.<br><br>The Prudential Insurance Company of America, Yavapai-Apache Nation, Yavapai-Apache Nation Disability Plan,<br><br>           Defendants. | Case No.<br><br>**COMPLAINT** |

Now comes the Plaintiff Robert Harley (hereinafter referred to as "Plaintiff"), by and through his attorney, Scott E. Davis, and complaining against the Defendants, he states:

### *Jurisdiction*

1.     Jurisdiction of the court is based upon the Employee Retirement Income Security Act of 1974 (ERISA); and in particular, 29 U.S.C. §§1132(e)(1) and 1132(f). Those provisions give the district courts jurisdiction to hear civil actions brought to recover employee benefits.  In addition, this action may be brought before this Court pursuant to 28

-1-

U.S.C. §1331, which gives the Court jurisdiction over actions that arise under the laws of the United States.

*Parties*

2. Plaintiff is a resident of Yavapai County, Arizona.

3. Upon information and belief, Yavapai-Apache Nation (hereinafter referred to as the "Company") sponsored, administered and purchased a group short and long term disability insurance policy which was fully insured by The Prudential Insurance Company of America (hereinafter referred to as "Prudential"). The specific Prudential group disability policy is known as Group Policy No.: 14459 (hereinafter referred to as the "Policy"). The Company's purpose in sponsoring, administering and purchasing the Prudential policy was to provide disability insurance for its employees. Upon information and belief, the Prudential policy may have been included in and part of an employee benefit plan, specifically named the Yavapai-Apache Nation Disability Plan (hereinafter referred to as the "Plan") which may have been created to provide the Company's employees with welfare benefits. At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. §1002(1).

4. Upon information and belief, Prudential functioned as the claims administrator of the policy; however, pursuant to the relevant ERISA regulation, the Company and/or the Plan may not have made a proper delegation or properly vested fiduciary authority or power for claim administration in Prudential.

5. Upon information and belief, Plaintiff believes Prudential operated under a conflict of interest in evaluating his short and long term disability claims due to the fact that it operated in dual roles as the decision maker with regard to whether Plaintiff was disabled

1  as well as the payor of benefits; *to wit*, Prudential's conflict existed in that if it found
2  Plaintiff was disabled, it was then liable for payment of his disability benefits.

3      6.    The Company, Prudential and the Plan conduct business within Yavapai
4  County and all events giving rise to this Complaint occurred within Yavapai County.

### *Venue*

6      7.    Venue is proper in this district pursuant to 29 U.S.C. §1132(e)(2) and 28
7  U.S.C. §1391.

### *Nature of the Complaint*

9      8.    Incident to his employment, Plaintiff was a covered employee pursuant to
10 the Plan and the relevant policy and a "participant" as defined by 29 U.S.C. §1002(7).
11 Plaintiff seeks disability income benefits from the Plan and the relevant policy pursuant to
12 §502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B), as well as any other employee benefits
13 he may be entitled to as a result of being found disabled.

14     9.    After working for the Company as a loyal employee, Plaintiff became
15 disabled on or about October 7, 2012 due to serious medical conditions and was unable to
16 work in his designated occupation as a Compliance Agent. Plaintiff has remained disabled
17 as that term is defined in the relevant policy continuously since that date and has not been
18 able to return to any occupation as a result of his serious medical conditions.

19     10.    Following his disability, Plaintiff applied for short and long term disability
20 benefits under the relevant policy which was administered by Prudential, meaning it made
21 the decision with regard to whether Plaintiff was disabled.

22     11.    Upon information and belief, the relevant Prudential policy and definition of
23 disability governing Plaintiff's short term disability claim is as follows:

> You are disabled when Prudential determines that:

- You are unable to perform the material and substantial duties of your regular occupation due to your sickness or injury;
- You are under the regular care of a doctor; and
- You have a 20% or more loss in weekly earnings due to the same sickness or injury.

12. Upon information and belief, the relevant Prudential policy and definition of disability governing Plaintiff's long term disability claim is as follows:

You are disabled when Prudential determines that, due to your sickness or injury:

- You are unable to perform the material and substantial duties of your regular occupation, or you have a 20% or more loss in your monthly earnings; and
- You are under the regular care of a doctor.

After 24 months of payments, you are disabled when Prudential determines that due to the same sickness or injury:

- You are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience; and
- You are under the regular care of a doctor.

13. In support of his claims for short and long term disability benefits, Plaintiff submitted to Prudential, medical records from his treating physicians supporting his disability as defined by the relevant Prudential policy.

14. Prudential approved Plaintiff's short term disability claim and paid Plaintiff short term disability benefits for the period of October 19, 2012 through December 16, 2012. In a letter dated December 26, 2012, Prudential notified Plaintiff it was terminating his short term disability benefits beyond December 16, 2012 and denying Plaintiff's claim for long term disability benefits.

15. Pursuant to 29 U.S.C. §1133, Plaintiff timely appealed the December 26, 2012 termination of his short term disability benefits and denial of his long term disability benefits and in support of his appeal, Plaintiff submitted additional medical evidence supporting his claim for short and long term disability benefits.

16. As part of its review of Plaintiff's claims for disability benefits, Prudential obtained a medical records only "paper review" of Plaintiff's claim from Lucien Parrillo, M.D.

17. Upon information and belief, Plaintiff believes Dr. Parrillo is a long time medical consultant for the disability insurance industry and Prudential. As a result, Plaintiff believes Dr. Parrillo may have an incentive to protect his own consulting relationships with the disability insurance industry and Prudential by providing medical records only paper reviews, which selectively review or ignore evidence such as occurred in Plaintiff's claim, in order to provide opinions and report(s) which are favorable to insurance companies and which supported the denial of Plaintiff's claim.

18. In a letter dated February 24, 2013, Prudential informed Plaintiff it was denying his claims for short and long term disability benefits.

19. Pursuant to 29 U.S.C. §1133, Plaintiff timely appealed the February 24, 2013 termination of his short term disability benefits and denial of his long term disability benefits and in support of his appeal, Plaintiff submitted additional medical, vocational and lay witness evidence demonstrating he met any definition of disability set forth in the relevant Prudential policy.

20. In support of his appeal, Plaintiff submitted to Prudential a narrative letter dated July 22, 2013 from his current treating physician, who is board certified in family practice and who opined, "In summary, it is within reasonable medical certainty that the [Plaintiff] has been fully disabled and unable to work in any occupation since 10/5/2012."

21. Plaintiff also submitted to Prudential a Functional Capacity Evaluation report dated May 20, 2013 wherein after an extensive evaluation, a qualified physical therapist

determined, "…[Plaintiff] would be unable to perform the material handling demands of even SEDENTARY work on a regular and consistent basis" (original emphasis).

22. Further supporting his appeal, Plaintiff submitted to Prudential a vocational report from a certified vocational expert dated August 21, 2013, who after reviewing Plaintiff's medical evidence and interviewing Plaintiff concluded, "From a vocational perspective, [Plaintiff] is incapable of performing his past work or any work in the national economy."

23. In addition to the medical records and reports submitted to Prudential, Plaintiff submitted a sworn affidavit from his longtime friend and prior co-worker who confirmed Plaintiff is unable to work in any occupation and his medical condition has not improved in any way since his date of disability.

24. As part of its review of Plaintiff's claims for short and long term disability benefits, Prudential obtained a medical records only "paper review" of Plaintiff's claim from a physician reviewer of its choosing.

25. Upon information and belief, Plaintiff believes the physician reviewer is a long time medical consultant for the disability insurance industry and Prudential. As a result, Plaintiff believes the physician reviewer may have an incentive to protect his/her own consulting relationships with the disability insurance industry and Prudential by providing medical records only paper reviews, which selectively review or ignore evidence such as occurred in Plaintiff's claim, in order to provide opinions and report(s) which are favorable to insurance companies and which supported the denial of Plaintiff's claim.

26. Prior to its final denial, Prudential never shared with Plaintiff the reports authored by the physician reviewer and never engaged Plaintiff or his treating medical providers in a dialogue so he could either respond to his/her report and/or perfect his claims.

1 Prudential's failure to provide Plaintiff with the opportunity to respond to the physician
2 reviewer's report precluded a full and fair review pursuant to ERISA and is a violation of
3 Ninth Circuit case law.

4       27. In a letter dated October 31, 2013, Prudential again notified Plaintiff it had
5 denied his claims for short and long term disability benefits under the policy.  In the letter,
6 Prudential also notified Plaintiff he had exhausted his administrative levels of review and
7 could file a civil action lawsuit in federal court pursuant to ERISA.

8       28. In evaluating Plaintiff's claims on appeal, Prudential had an obligation
9 pursuant to ERISA to administer Plaintiff's claims "solely in his best interests and other
10 participants" which it failed to do. [1]

11       29. Prudential failed to adequately investigate Plaintiff's claims and failed to
12 engage Plaintiff in a dialogue during the appeal of his claims with regard to what evidence
13 was necessary so Plaintiff could perfect his appeal and claims.  Prudential's failure to
14 investigate the claims and to engage in this dialogue or to obtain the evidence it believed
15 was important to perfect Plaintiff's claims is a violation of ERISA and Ninth Circuit case
16 law and a reason he did not receive a full and fair review.

17       30. Plaintiff believes Prudential provided an unlawful review which was neither
18 full nor fair and that violated ERISA, specifically, 29 U.S.C. § 2560.503-1, by failing to

---

[1] It sets forth a special standard of care upon a plan administrator, namely, that the administrator "discharge [its] duties" in respect to discretionary claims processing "solely in the interests of the participants and beneficiaries" of the plan, § 1104(a)(1); it simultaneously underscores the particular importance of accurate claims processing by insisting that administrators "provide a 'full and fair review' of claim denials," Firestone, 489 U.S., at 113, 109 S. Ct. 948, 103 L. Ed. 2d 80 (quoting § 1133(2)); and it supplements marketplace and regulatory controls with judicial review of individual claim denials, see § 1132(a)(1)(B). *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2350 (U.S. 2008).

1  credit Plaintiff's reliable evidence; failing to adequately investigate his claim; failing to have him examined by a medical professional when the policy allowed for an examination; providing one sided reviews of Plaintiff's claim that failed to consider all evidence submitted by him and/or de-emphasized medical evidence which supported Plaintiff's claims; disregarding Plaintiff's self-reported symptoms; failing to consider all the diagnoses and/or limitations set forth in his medical evidence as well as the impact the combination of those diagnoses and impairments would have on his ability to work; failing to engage Plaintiff in a dialogue so he could submit the necessary evidence to perfect his claims and failing to consider the impact the side effects from Plaintiff's medications would have on his ability to engage in any occupation.

31. Plaintiff further believes the reason Prudential provided an unlawful review which was neither full nor fair and that violated ERISA, specifically, 29 U.S.C. § 2560.503-1, is due to the dual roles Prudential undertook as decision maker and payor of benefits which created an inherent conflict of interest and this conflict may also be the reason the Company and/or Plan retained Prudential to insure and administer Plaintiff's disability claims.

32. Plaintiff is entitled to discovery regarding the aforementioned conflicts of interest of Prudential and any individual who reviewed his claims and the Court may properly weigh and consider evidence regarding the nature, extent and effect of any conflict of interest which may have impacted or influenced Prudential's decision to deny his claims.

33. With regard to whether Plaintiff meets any definition of disability set forth in the policy, the Court should review the evidence in Plaintiff's claim *de novo*, because even

if the Court concludes the policy confers discretion, the unlawful violations of ERISA committed by Prudential as referenced herein are so flagrant they justify *de novo* review.

34.     As a direct result of Prudential's decision to deny Plaintiff's disability claims, he has been injured and suffered damages in the form of lost short and long term disability benefits, in addition to other potential employee benefits he may have been entitled to receive through or from the Plan and/or Company as a result of being found disabled. Plaintiff believes other potential employee benefits may include but not be limited to, health and other insurance related coverage or benefits, retirement benefits or a pension, life insurance coverage and/or the waiver of the premium on a life insurance policy providing coverage for him and his family/dependents.

35.     Pursuant to 29 U.S.C. §1132, Plaintiff is entitled to recover unpaid benefits, prejudgment interest, reasonable attorney's fees and costs from Defendants.

36.     Plaintiff is entitled to prejudgment interest at the rate of 10% per annum pursuant to A.R.S. §20-462, or at such other rate as is appropriate to compensate him for losses he incurred as a result of Defendants' nonpayment of benefits.

WHEREFORE, Plaintiff prays for judgment as follows:

A.     For an Order requiring Defendants to pay Plaintiff his short and long term disability benefits and any other employee benefits he may be entitled to as a result of being found disabled pursuant to the Prudential policy from the date he was first denied these benefits through the date of judgment and prejudgment interest thereon;

B.     For an Order directing Defendants to continue paying Plaintiff the aforementioned benefits until such time as he meets the conditions for termination of benefits;

C.   For attorney's fees and costs incurred as a result of prosecuting this suit pursuant to 29 U.S.C. §1132(g); and

D.   For such other and further relief as the Court deems just and proper.

DATED this 28th day of March, 2014.

SCOTT E. DAVIS. P.C.

By:   */s/ Scott E. Davis*
      Scott E. Davis
      Attorney for Plaintiff